# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | : |
|---|---|
| v. | : 3:18-CR-153 |
| | : (JUDGE MARIANI) |
| JAMES WILLIAMS, III, | : |
| Defendant. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION & PROCEDURAL BACKGROUND

On May 2, 2018, a Criminal Complaint was filed against James Williams, III. (Doc. 1). Defendant was arrested by DEA agents the following day. Williams was thereafter indicted on May 8, 2018 on the following charges: Conspiracy to Distribute and Possession with Intent to Distribute 500 Grams or More of Cocaine (Count I); Distribution and Possession with Intent to Distribute Cocaine within 1000 Feet of a School (Counts II, III); Possession with Intent to Distribute 500 Grams and More of a Mixture and Substance Containing a Detectable Amount of Cocaine (Count IV); Possession of a Firearm in Furtherance of Drug Trafficking Crime (Count V); Felon in Possession of a Firearm (Count VI); Possession of a Firearm with an Obliterated Serial Number (Count VII); and Possession of a Stolen Firearm with an Obliterated Serial Number (Count VIII). (Indictment, Doc. 11).

On May 10, 2018, Defendant was arraigned before Magistrate Judge Mehalchick. A detention hearing was held that same day and the Magistrate Judge ordered Williams detained pending trial (Doc. 15).

On June 21, 2018, Defendant filed a Motion for Release Pending Trial (Doc. 20). On July 16, 2018, this Court held a hearing on the motion pursuant to 18 U.S.C. § 3142(f). For the reasons that follow, the Court will deny Defendant's Motion.

## II. FINDINGS OF FACTS

For the purposes of resolving Defendant's present motion only, the Court finds the following facts:

Defendant is a thirty-eight year old male who was born in Brooklyn, New York. Defendant attended high school in Brooklyn until tenth grade. Defendant never earned a general equivalency diploma. He has resided in Monroe County, Pennsylvania, for the past fifteen years, and has lived with his girlfriend Ms. Schroeder for the past four years. Williams' last employment of record was working for the New York City Housing Authority in 2002.

Williams has an infant daughter with Ms. Schroeder. Defendant also has three other children, none of whom live with him: a nine-year old daughter in Pennsylvania; an eighteen-year old daughter in Brooklyn; and a twenty-one year old daughter in Virginia. Ms. Schroeder is the mother of a six-year old daughter who lives with her and Defendant.

Williams has two prior felony drug convictions. In 2004, Defendant was charged in Virginia with manufacture, sale, and possession of a controlled substance. Defendant entered a guilty plea and was sentenced to three years imprisonment, with two years and ten months suspended. In 2015, Defendant pleaded guilty in Monroe County Court of

Common Pleas to Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a Controlled Substance, and to Possession of a Controlled Substance by Person Not Registered and served 11 months in prison. Defendant was released from custody on September 6, 2016, and was on supervised release until March, 2018.

In May, 2018, Defendant was charged in the present case with an eight count indictment.

Prior to the filing of the indictment, the police conducted two controlled purchases of cocaine, one of which was audio recorded. In both instances Williams was surveilled by law enforcement officers, once coming from the residence where Williams lived with Ms. Schroeder and once returning to this same residence.

Following the two controlled purchases, a search warrant was obtained. The search of Defendant's residence yielded the seizure of over 600 grams of cocaine, found in a bag on a counter in the apartment. The police also seized a loaded Rossi Interarms .357 handgun, a loaded Walther P22 handgun, and a Smith & Wesson .380 handgun. Although the serial number on the Walther P22 handgun was obliterated, the F.B.I. was able to run a search on the gun, which had been reported stolen in 2010. The police also recovered over $21,000 in cash and, among other items, a digital scale, packaging materials consisting of baggies, and multiple cell phones.

After being advised of his Miranda rights, on video, Defendant confessed to dealing cocaine, admitted the cocaine and the cash found in the residence were his, as well as two of the three recovered firearms.

If convicted at trial, Williams faces a minimum of 15 years in prison with a potential maximum of life in prison.

### III. STANDARD OF REVIEW

This Court may review a Magistrate Judge's detention order pursuant to 18 U.S.C. § 3145(b). In reviewing a detention order, a district court must "mak[e] an independent determination of [a defendant]'s eligibility for release on bail." *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985). After conducting a hearing, a district court should order the detention of a defendant before trial if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The Government bears the burden of proof and must show by clear and convincing evidence that the defendant is a risk to the community or by a preponderance of the evidence that the defendant is a flight risk. *United States v. Himler*, 797 F.2d 156, 160-61 (3d Cir. 1986).

In making a determination of whether a defendant is entitled to pretrial release under § 3142(e)(1), a district court should consider the following factors:

> **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

4

**(2)** the weight of the evidence against the person;

**(3)** the history and characteristics of the person, including—

>   **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>   **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g). Finally, in cases where "there is probable cause to believe that the person committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 *et seq.*)" there is a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(A). To overcome this presumption, "[t]he defendant must produce some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community." *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986). Nevertheless, even though § 3142(e)(3) shifts the burden of production onto the defendant, the burden

5

of persuasion "remain[s] always with the government." *United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986).

## IV. Discussion

Here, as Defendant has been charged with violations of the Controlled Substances Act that carry maximum terms of imprisonment of ten years or more, there is a rebuttable presumption under 18 U.S.C. § 3142(e)(3)(A) in favor of detention, a fact Defendant concedes.[1] After holding a hearing and reviewing all of the evidence presented, the Court finds that Defendant has failed to rebut this presumption. Specifically, for the reasons discussed more fully below, the Court finds that there are no conditions or combination of conditions that will reasonably assure the safety of the community.

With respect to the nature and circumstances of the offense charged, each of the charges against Defendant consist of crimes involving controlled substances or firearms. As a result, Defendant is currently facing a significant sentence if convicted, with a minimum of fifteen years imprisonment and a maximum of life in prison. Further, regarding these charges, the weight of the evidence is strong. A large quantity of cocaine was recovered at Defendant's home as well $21,000 in cash, all of which Defendant admitted, on video, were his. Paraphernalia for packaging the drug for sale was also recovered. Defendant, a convicted felon, further admitted that two of the three recovered handguns were his.

---

[1] *See* Doc. 21, at 3 ("it is conceded the charges facing Williams may give rise to a statutory presumption that no condition or combination will reasonably assure his appearance as required.").

6

With respect to the history and characteristics of Defendant, while the lack of an extensive criminal history, including no history of any violent crimes or acts, aid Defendant's attempt to be released pending trial, these factors are overcome by a number of factors. First, Defendant has limited ties to the Middle District of Pennsylvania[2], no history of employment in the area, and appears to be fully financially reliant on Ms. Schroeder, with whom he would not be living if released. Further, Williams has two prior felony drug convictions and, of utmost importance, is charged with committing drug trafficking and weapons crimes while on parole for a felony drug conviction in the Monroe County Court of Common Pleas (*see* Counts I, VI)[3].

Finally, with respect to the nature and seriousness of the danger posed to the community if Defendant was released, the Court finds that Defendant presents a real

---

[2] Defendant's counsel asserts that Williams has "strong ties to the community." (Doc. 21, at 3). No testimony was presented at the hearing to support this assertion, and the little evidence of record provides, at best, limited support for this assertion. Although Defendant has resided in Northeastern Pennsylvania for the past fifteen years, he is from Brooklyn, NY, where his mother still resides, has a daughter who also resides in Brooklyn, and another daughter who lives in Virginia and who recently gave birth to Williams' first grandchild. Defendant's counsel states that Williams has lived with his girlfriend in Pennsylvania for approximately four years and now has a newborn daughter with his girlfriend and that he "planned to watch his newborn daughter when Ms. Schroeder [his girlfriend] returned to work [and i]f he is not released from custody, his newborn daughter must go to daycare." (Doc. 21, at 3). However, at the hearing, Defendant, through his counsel, informed the Court that Ms. Schroeder now lives with her father and that, if released, Williams will live with Ms. Schroeder's sister and possibly other family members. Finally, there is no record of Williams having been recently employed in Pennsylvania or that, should he be released, he would be able to secure any employment in Pennsylvania.

[3] At the hearing, Defendant's counsel agreed that Williams was on parole until March, 2018. Count I of the Indictment charges Defendant with knowingly and intentionally combining, conspiring, confederating, and agreeing together with other persons, to distribute and possess with intent to distribute 500 grams and more of cocaine, from 2017 to May 8, 2018. Count VI of the Indictment charges Defendant, a felon, with knowingly possessing three handguns, together with ammunition, on or about November 2017, to on or about May 3, 2018. Thus, both of these charges include a time period during which Williams was undisputedly on parole.

danger to the community. "Safety of the community is implicated not only by violence, but also by narcotics trafficking. In cases involving the instant drug offenses, the danger to the community is the likelihood that the defendant will, if released, traffic in illicit drugs." *United States v. Gibson*, 481 F. Supp. 2d 419, 422 (W.D. Pa. 2007). As discussed above, the Government has proffered significant evidence that Defendant possessed, and distributed, cocaine, as well as unlawfully possessed handguns, and that Defendant was on parole during the commission of several of the charges against him. Williams also admitted to being a cocaine dealer, and Count VI, which alleges that Defendant possessed a firearm from November, 2017, until the time of his arrest, was founded on Defendant's admission that he obtained the firearm in November, 2017. Furthermore, the cocaine recovered in Defendant's residence was found in the open in a home with two children, one of whom is old enough to accidently pick up and ingest the cocaine, which could result in serious injury or death. Although the children currently reside with Ms. Schroeder in her father's home, should Defendant be released in order to watch his newborn child, as his motion requests, and thereafter engage in further drug crimes, a high risk exists that one or both children would be exposed to the presence of drugs as well as have access to those substances. As a result, the Court finds both that the danger that Defendant will engage in narcotics trafficking if he is released pending trial is high, and that he may pose a significant danger to the community as well as his young children.

Accordingly, the Court finds that Defendant has failed to rebut the presumption in favor of detention and that there are no conditions or combination of conditions that will reasonably assure the safety of the community if Defendant was released pending trial.

## V. Conclusion

For the reasons outlined above, this Court will deny the Motion for Release of Defendant Pending Trial (Doc. 20). A separate Order follows.

Robert D. Mariani
United States District Judge